UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:_____

---------------------------------------------x
:
MORRIS PADULO, :
:
                Plaintiff, :
:
  vs. :
:
PORTFOLIO RECOVERY ASSOCIATES, :
LLC, :
:
                Defendant. :
:
---------------------------------------------x

**PLAINTIFF'S COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL**

Plaintiff Morris Padulo ("Plaintiff"), by and through his undersigned counsel, sues Defendant Portfolio Recovery Associates, LLC, a Virginia corporation ("Defendant" or the "Company"), and alleges as follows:

**NATURE OF ACTION**

1. This is a lawsuit brought pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §559.55 *et seq.*

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this District, where Plaintiff' resides in this State and this District, and where Defendant transacts business in this State and this District.

## PARTIES

4. Plaintiff is a natural person who at all relevant times resided in the State of Florida, County of Broward.

5. Plaintiff is obligated, or allegedly obligated, to pay a debt due a creditor other than Defendant, and thus is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a, and the FCCPA, Fla. Stat. §559.55.

6. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction or transactions in which the money, property, insurance, and/or services that are the subject of the transaction(s) were incurred primarily for personal, family or household purposes, and thus is a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5), and the FCCPA, Fla. Stat. §559.55(1).

7. Defendant is a Delaware limited liability company with principal offices situated at 120 Corporate Blvd., Norfolk, VA 23502. Defendant may be served through its registered agent Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525.

8. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, by another.

9. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6) and the FCCPA, Fla. Stat. §559.55(6).

## FACTUAL ALLEGATIONS

10. Beginning in approximately early 2013 and continuing through and including September 2013, Plaintiff received multiple telephone calls per week on his cellular telephone at phone number (954) XXX-XX15 from Defendant with regard to an alleged debt that Defendant was attempting to collect from Plaintiff.

11. To that end, Defendant placed non-emergency calls to Plaintiff's cellular telephone using an automatic dialing system, including, but not limited to, calls placed on the following dates:

- April 30, 2013
- May 2, 2013
- May 4, 2013
- May 6, 2013
- May 9, 2013
- May 10, 2013
- May 12, 2013
- May 16, 2013
- May 18, 2013
- May 20, 2013
- May 22, 2013
- May 24, 2013
- May 28, 2013
- May 30, 2013
- June 3, 2013
- June 7, 2013

- June 8, 2013
- June 9, 2013
- June 11, 2013
- June 13, 2013
- June 18, 2013
- June 19, 2013
- June 20, 2013
- June 22, 2013
- June 24, 2013
- June 26, 2013
- June 28, 2013
- June 30, 2013
- July 6, 2013
- July 12, 2013
- July 16, 2013
- July 18, 2013
- July 19, 2013
- July 23, 2013
- July 24, 2013
- July 30, 2013
- August 1, 2013
- August 3, 2013
- August 5, 2013

- August 7, 2013
- August 8, 2013
- August 15, 2013
- August 25, 2013

12. Moreover, and as shown on Plaintiff's Caller ID, Defendant placed these telephone calls to Plaintiff's cellular telephone from a host of different phone numbers, in an apparent effort to conceal its true identity, including (410) 575-1863, (678) 275-8928, (412) 235-6111, (914) 595-7031, (859) 586-9557, (404) 719-4368, (404) 865-3326, and (412) 282-1421.

13. Upon information and good-faith belief, the telephone calls identified above were placed to Plaintiff's cellular telephone number using an automatic telephone dialing system. To be sure, Plaintiff answered the telephone on several occasions and was greeted with a delay upon the attempted transfer of the call to one of Defendant's agents and/or employees.

14. Upon information and good-faith belief, Plaintiff never provided his cellular telephone number to Defendant or the original creditor of the alleged debt that Defendant was attempting to collect.

15. Defendant did not place any telephone calls to Plaintiff for emergency purposes.

16. Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

17. Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified above voluntarily.

18. Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

19. Upon information and good-faith belief, Defendant intended to use an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

20. Upon information and good-faith belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's cellular telephone number.

21. On or about September 6, 2013, Plaintiff informed Defendant, over the telephone, that he did not wish to receive any further telephone calls from Defendant and demanded that Defendant cease all telephone calls to him.

22. However, despite his demand that Defendant cease contacting him, the calls from Defendant continued.

23. To that end, Defendant placed non-emergency calls to Plaintiff's cellular telephone using an automatic dialing system in an attempt to collect a debt, including, but not limited to, calls placed on the following dates, after being specifically informed to stop calling him:

- September 12, 2013
- September 17, 2013

## COUNT I: VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 23.

25. 47 U.S.C. 227(b)(1)(A)(iii) makes it unlawful to willfully and knowingly place non-emergency calls to cellular telephones, without prior express consent, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

26. Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) by willfully and knowingly placing numerous non-emergency calls to Plaintiff's cellular telephone, without Plaintiff's prior express consent, using an automatic telephone dialing system.

**COUNT II: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

27. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 – 23.

28. 15 U.S.C. §1692d provides, in pertinent part:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

29. Defendant has harassed Plaintiff by continually calling him on his cellular telephone in an apparent attempt to collect an alleged debt from Plaintiff, causing Plaintiff's telephone to ring repeatedly. The calls have continued even after Plaintiff spoke with Defendant and demanded that all such communications cease.

30. In addition, Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse by (1) using an automatic telephone dialing system in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented and by (2) making telephone calls to Plaintiff from numerous different phone numbers in an attempt to conceal its true identity.

31. As such Defendant has violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress and abuse Plaintiff.

**COUNT III: VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**

32. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 – 23.

33. Fla. Stat. §559.72(7) provides:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his

family, *or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.*

34. Defendant has harassed Plaintiff by continually calling him on his cellular telephone in an apparent attempt to collect an alleged debt from Plaintiff, causing Plaintiff's telephone to ring repeatedly. The calls have continued even after Plaintiff spoke with Defendant and demanded that all such communications cease.

35. In addition, Defendant willfully engaged in conduct which can reasonably be expected to abuse or harass Plaintiff by (1) using an automatic telephone dialing system in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented and by (2) making telephone calls to Plaintiff from numerous different phone numbers in an attempt to conceal its true identity.

36. As such Defendant willfully engaged in conduct which can reasonably be expected to abuse or harass Plaintiff, in violation of Fla. Stat. §559.72(7).

**WHEREFORE**, Plaintiff respectfully requests for relief and judgment, as follows:

(a) Adjudging and declaring that Defendant violated 47 U.S.C. 227(b)(1)(A)(iii), 15 U.S.C. §1692d, and Fla. Stat. §559.72(7);

(b) Awarding Plaintiff statutory damages in the amount of $500.00 per violation of 47 U.S.C. 227(b)(1)(A)(iii), pursuant to 47 U.S.C. § 227(b)(3)(B);

(c) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

(d) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

(e) Awarding Plaintiff statutory damages pursuant to 15 U.S.C. §1692k in the amount of $1,000.00 and awarding Plaintiff statutory damages pursuant to Fla. Stat. §559.77(2) in the amount of $1,000.00;

(f) Awarding Plaintiff actual damages sustained as a result of Defendant's violations of the FDCPA and FCCPA, pursuant to 15 U.S.C. §1692k and Fla. Stat. §559.77(2);

(g) Awarding Plaintiff his reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. §1692k and Fla. Stat. §559.77(2);

(h) Enjoining Defendant from taking any of the violative actions referenced herein;

(i) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(j) Awarding other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

DATED: September 25, 2013

Respectfully submitted,

*/s/ Michael L. Greenwald*
**MICHAEL L. GREENWALD**
Florida Bar No. 761761
**JAMES L. DAVIDSON**
Florida Bar No. 723371
GREENWALD DAVIDSON PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Telephone: 561.826.5477
Fax: 561.961.5684
mgreenwald@mgjdlaw.com
jdavidson@mgjdlaw.com

Counsel for Plaintiff